UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH KOESTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-CV-01306-SPM |
| MID RIVERS MALL CMBS, LLC, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's Motion and Supporting Memorandum to Amend the Scheduling Order and Extend the Deadline for Expert Depositions. (ECF No. 47). The motion has been fully briefed. For the following reasons, the motion will be denied.

**I.   BACKGROUND**

This case arises from an incident on February 18, 2023, in which Plaintiff Deborah Koester allegedly fell and sustained significant injuries as a result of uneven flooring at a premises owned by Defendant Mid Rivers Mall CMBS, LLC. On September 20, 2023, Plaintiff filed her petition in the Circuit Court of St. Charles County, State of Missouri. On October 17, 2023, Defendant removed the case to this Court. On December 5, 2023, following a scheduling conference attended by counsel for both parties, the Court entered a Case Management Order setting a March 1, 2024, deadline for Plaintiff to disclose all expert witnesses and an April 15, 2024, deadline for Plaintiff to make expert witnesses available for depositions and have depositions completed. On April 12, 2024, the parties filed a joint motion to modify the scheduling order, requesting to extend the deadline for completion of depositions of Plaintiff's experts from April 15, 2024, to May 30, 2024. On April 22, 2024, the Court granted the joint motion. On June 11, 2024, as directed by the Court

– 1 –

after a discovery conference on a motion filed by Defendant related to Plaintiff's expert disclosures, the parties filed a Joint Motion to Amend Case Management Order, in which they requested that the deadline for Plaintiff to make her non-retained experts offering opinion on causation available for depositions, and have depositions completed, no later than July 17, 2024. On June 12, 2024, the Court granted the motion and entered a Second Amended Case Management Order reflecting that new deadline, noting that it appeared from the motion that the parties had resolved their dispute over Plaintiff's expert disclosures. The Court also set the matter for a routine case status conference to occur on September 17, 2024.

On September 17, 2024, the parties appeared by Zoom for the case status conference. At the conference, counsel informed the Court that depositions of Plaintiff's experts had not yet been completed. Plaintiff's counsel indicated that Plaintiff still wanted to produce experts for deposition, so the Court ordered Plaintiff to file a motion to amend the Second Amended Case Management Order, with reasons and legal arguments in support of such an amendment. Pursuant to that order, Plaintiff filed the instant motion, which Defendant opposes.

In her motion, Plaintiff states that her counsel made multiple attempts to obtain deposition dates from Plaintiff's treating physician and non-retained expert, Dr. Pascale-Salem, prior to the deadline of July 17, 2024. She cites an April 15 email seeking deposition dates, a June 12 email seeking deposition dates, and a July 9 email and subpoena duces tecum commanding Dr. Pascale-Salem to appear at a deposition on July 15. The July 9 email also references prior phone communications, though it is unclear when those occurred. She also cites emails showing that on July 11 and 12, Dr. Salem's office informed Plaintiff's counsel that Dr. Pascale-Salem would be out of the country through July 31. On July 12, Plaintiff's counsel emailed defense counsel, stating that August 2 would work for the deposition and asking that defense counsel forward the notice of deposition when available. On July 15, Plaintiff's counsel and defense counsel conferred by telephone, at which time defense counsel told Plaintiff's counsel she would be amenable to

– 2 –

deposing Dr. Pascale-Salem but that Plaintiff would need to request an extension of the relevant deadline in the CMO. It appears that Plaintiff took no further steps with respect to the applicable deadline or Dr. Pascale-Salem's deposition until the issue was raised at the September 17 case status conference.

Plaintiff states that her failure to comply with the July 17 expert deposition deadline was caused by Dr. Pascale-Salem's lack of response to her initial emails, Dr. Pascale-Salem's absence from the country for much of the month of July, and Plaintiff's counsel's office unexpected staffing issues during this time frame, including the departure of an attorney and of the paralegal who was coordinating the deposition. Plaintiff states that she inadvertently failed to ask the Court for an extension prior to the July 17 deadline due to these staffing transitions. Plaintiff also states that Dr. Pascale-Salem is ready and willing to provide her testimony on a day agreeable to all parties, that Dr. Pascale-Salem's testimony is essential to Plaintiff's case, and that the absence of Dr. Pascale's testimony absence could unjustly prejudice Plaintiff's case. Plaintiff requests that the Court extend the deadline for deposing her experts to October 31, 2024. Plaintiff also requests extensions to the subsequent deadlines in the case but proposes keeping the trial-ready deadline as February 17, 2025.

**II.   DISCUSSION**

    **A. Scope of the relief sought in Plaintiff's motion**

As preliminary matter, the Court will address the scope of the relief sought in Plaintiff's motion. Although Plaintiff proposes a new deadline to "make her non-retained experts offering opinions on causation available for depositions, and have depositions completed," Proposed Third Amended Case Management Order, ECF No. 48, at ¶ 5, her motion mentions only a single expert—Dr. Pascale-Salem. Plaintiff's argument that the Court should grant an extension to this deadline is based entirely on her contentions that she made reasonable attempts to set Dr. Pascale-Salem's deposition before the July 17 deadline, that Dr. Pascale-Salem is available for deposition

in October, and that Dr. Pascale-Salem's testimony is important to her case. The Court interprets Plaintiff's motion to be solely a request to extend the deadline for deposing Dr. Pascale-Salem.[1]

### B. Analysis

Under the Court's Second Amended Case Management Order, the deadline for completion of Plaintiff's expert depositions was July 17, 2024. Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a schedule entered by the Court "may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4). Because Plaintiff's motion was filed after the relevant deadline in the scheduling order had expired, a second rule may also be implicated: Rule 6(b)(1), which provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). There is some conflicting authority regarding whether Rule 16(b)(4)'s good cause standard, Rule 6(b)(1)(B)'s excusable neglect standard, or both standards, must be satisfied when a movant seeks to extend a deadline in a scheduling order by motion made after the deadline has expired.[2] The Court is

---

[1] In its opposition, Defendant states that Plaintiff's counsel has indicated that she might hire additional experts, including a liability expert and a provider to discuss Plaintiff's alleged back injury. *See* Def.'s Mem. Opp'n, ECF No. 50, at p. 4. Plaintiff's expert disclosure deadline expired March 1, and Plaintiff has not requested an extension of that deadline. Plaintiff may not disclose any new experts at this time.

[2] *See, e.g.*, *LeFever v. Castellanos*, No. 4:20CV3066, 2021 WL 5416240, at *1-*2 (D. Neb. Nov. 19, 2021) (beginning its analysis with Rule 16(b)(4)'s good cause standard but noting that "[t]here is a split of authority as to whether a motion to modify a progression schedule that is filed after the deadline has passed must instead satisfy the 'excusable neglect' standard of Rule 6(b)(1)(B)"; stating that "[p]erhaps both standards apply"; and granting the motion because the excusable neglect standard was satisfied); *Thomson v. Int'l Paper Co.*, No. 20-CV-0037-LTS-KEM, 2020 WL 13042585, at *1 & n.1 (N.D. Iowa June 9, 2020) (applying Rule 16(b)(4)'s good cause standard to a motion for leave to file an amended complaint filed after the applicable deadline, but noting that "some district courts in the Eighth Circuit have suggested that a party must also demonstrate excusable neglect to amend a pleading after the deadline for amendment has expired"; finding that if Rule 6(b)(1)(B)'s excusable neglect standard applied, the result would be the same); *Younie v. City of Hartley*, No. C14-4090-CJW, 2016 WL 2864442, at *3 (N.D. Iowa May 13,

inclined to the view that Rule 16(b)(4) applies to this situation and that Rule 6(b)(1)(B) does not.[3] However, the parties have not briefed this issue, and the Court need not resolve the question of which of these rules should apply here because Plaintiff has not satisfied either the good cause requirement of Rule 16(b)(4) or the excusable neglect requirement of Rule 6(b)(1)(B).

Plaintiff has not shown good cause under Rule 16(b)(4) to extend the deadline for producing her expert for deposition. Under Rule 16(b), "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (internal quotation marks omitted). *See also Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) ("To establish good cause [under Rule 16(b)], a party must show its diligence in attempting to meet the progression order.") (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717. "The 'good cause' standard is an exacting one, for it demands a demonstration that the existing schedule 'cannot

---

2016) ("Rule 16 does not govern where, as here, a party moves to extend deadlines after the deadline has passed. Rather, Rule 6(b) applies.").

[3] The Court has not found any Eighth Circuit cases directly addressing whether a movant seeking to extend a scheduling order deadline after its expiration must satisfy Rule 6(b)(1)'s excusable neglect standard. However, the Eighth Circuit cases the Court has found that address such motions have applied Rule 16(b)'s good cause standard without mentioning Rule 6(b)(1)(B). *See Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) (holding district court erred by extending the deadline to disclose expert reports after that deadline had expired without applying "the mandatory good-cause standard under Rule 16(b)(4)"); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (holding district court erred by applying the liberal amendment standard of Rule 15(a) without conducting an analysis of Rule 16(b)'s good cause standard, noting that "[t]o permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) would render scheduling orders meaningless and effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure") (internal quotation marks omitted).

reasonably be met despite the diligence of the party seeking the extension.'" *Weisman v. Barnes Jewish-Hosp.*, No. 4:19-CV-75-JAR, 2023 WL 156859, at *4 (E.D. Mo. Jan. 11, 2023) (quoting *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 581–82 (D. Minn. 1999)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Engleson v. Little Falls Area Chamber of Com.*, 210 F.R.D. 667, 668-69 (D. Minn. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

The record does not show that Plaintiff has been diligent in attempting to meet the Court's deadline for producing Dr. Pascale-Salem for deposition. To the contrary, the record shows that Plaintiff has made only very minimal attempts to schedule this deposition. Plaintiff's original deadline to produce experts for depositions was April 15. Plaintiff's first attempt to contact Dr. Pascale-Salem about her deposition was an email sent on April 15—the day the then-effective deadline expired (and three days after the parties filed motion seeking an extension). Although the Court extended the deadline to May 30, and despite Dr. Pascale-Salem's apparent lack of response to the April 15 email, the record does not show that Plaintiff made any attempt to contact Dr. Pascale-Salem by the May 30 deadline. Only on June 12, the day the Court again extended the deadline (this time to July 17), did Plaintiff send a second email to Dr. Pascale-Salem requesting deposition dates. When Dr. Pascale-Salem did not respond, it does not appear that Plaintiff took further action until July 9,[4] when she emailed a subpoena duces tecum that commanded Dr. Pascale-Salem to appear for a deposition on July 15. After learning that a timely deposition would be impossible because Dr. Pascale-Salem was out of the country, and after hearing from defense counsel that they would be amenable to conducting a deposition after the deadline if Plaintiff requested an extension of the deadline, Plaintiff then took no action whatsoever for two full

---

[4] The Court acknowledges that there may have been some telephone calls between Plaintiff's counsel and Dr. Pascale-Salem's office, as referenced in the July 9 email. However, Plaintiff does not provide the Court with information regarding when such phone calls were made or what was said during those phone calls.

– 6 –

months. The Court only became aware of the issue of Dr. Pascale-Salem's outstanding deposition on September 17, when the Court held its routine case status conference and counsel raised the issue. Had the conference not previously been scheduled by the Court, it is unclear when, if at all, Plaintiff would have raised the issue. This series of events is entirely inconsistent with a finding of diligence on Plaintiff's part.

Plaintiff states that her failure to meet the Court's deadline was caused by Dr. Pascale-Salem's absence from the country during much of the month of July, Plaintiff's counsel's office's unexpected staffing issues (including the departure of an attorney and of the paralegal who was coordinating the deposition), and Plaintiff's counsel's inadvertence. These assertions do not help Plaintiff establish the requisite diligence. Plaintiff learned of Dr. Pascale-Salem's absence from the country only a few days before the expiration of the July 17 deadline; that absence provides no explanation for Plaintiff's minimal attempts to schedule the deposition in the months prior to July 9 or for Plaintiff's complete lack of action after July 15. As to the asserted staffing issues, the departure of one paralegal and one unnamed attorney, at some unspecified time, cannot justify what appears to be a consistent pattern of lack of action by Plaintiff's counsel of record over a period of several months. Plaintiff's counsel's inadvertence also does not constitute good cause. *See Engleson*, 210 F.R.D. at 668-69 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

For all of the above reasons, the Court finds that Plaintiff has not demonstrated the diligence that would support a finding of good cause to modify the scheduling order under Rule 16(b)(4). *See, e.g., Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) ("Generally speaking, it is reasonable to conclude that a plaintiff is not diligent when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the deadline."); *Lopez v. TIG Indem. Co.*, No. 22-CV-04066-WJE, 2023 WL 2190186, at *2 (W.D. Mo. Feb. 23, 2023) (holding that where movants "could have requested an extension to a discovery deadline months

ago," but did not do so, they "simply have not demonstrated the diligence that would support a finding of good cause under Rule 16(b)(4)"); *Fair Isaac Corp. v. Experian Info. Sols., Inc.*, No. CV 06-4112 (ADM/JSM), 2009 WL 10677528, at *14 (D. Minn. July 10, 2009) (finding no good cause to extend the deadline for nondispositive motions to allow a late-filed motion to compel; noting that the movant knew about the opposing party's failure to produce documents before the deadline but "failed to do anything about it until two weeks *after* the non-dispositive motion deadline"; stating, "This lack of action by [the movant] may be careless, inadvertent or due to other pressing matters, but it does not amount to the diligence required to establish good cause.").

Plaintiff also has not shown excusable neglect under Rule 6(b)(1)(B). Under Rule 6(b)(1)(B), "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). The factors to be considered include "(1) the possibility of prejudice to [the non-moving party]; (2) the length of [the moving party's] delay and the possible impact of that delay on judicial proceedings; (3) the reasons for [the moving party's] delay, including whether the delay was within [the moving party's] reasonable control; and (4) whether [the moving party] acted in good faith." *Id.* (internal quotation marks omitted). The Eighth Circuit has recognized that "[t]he four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

After weighing these four factors, the Court finds no excusable neglect. The most important factor—the reason for the delay, including whether the delay was in the movant's reasonable

control—weighs heavily against a finding of excusable neglect. Although Plaintiff experienced some staffing issues and although Dr. Pascale-Salem was unavailable for part of the relevant period, the Court finds no satisfactory explanation for why Plaintiff—having already obtained multiple extensions of time, having discovered the doctor was unavailable before the deadline but available after the deadline, and having been informed by defense counsel that she needed to seek an extension of the deadline—proceeded to do nothing whatsoever for two full months. The delay was fully within Plaintiff's control, and there was no good reason for it. A second factor—the length of the delay and its impact on judicial proceedings—also weighs against a finding of excusable neglect. The original deposition deadline was April 15, and the Court has already extended that deadline on two occasions. Plaintiff now asks for a third extension, this time of two and a half months (to October 31). Granting such an extension would significantly disrupt these proceedings by making it impossible for the Court to keep the current February 17, 2025, trial date.[5] The other two factors weigh slightly in favor of a finding of excusable neglect: the Court has no reason to believe Plaintiff has not acted in good faith, and Defendants do not explain how they would be prejudiced by the extension. On balance, however, after weighing all of the factors, the Court finds Plaintiff has not shown excusable neglect under Rule 6(b)(1)(B). *See, e.g.*, *Younie*, 2016 WL 2864442, at *3 (finding no excusable neglect where the reason offered for the delay was "garden-variety attorney inattention"; reasoning in part that there was an unexplained two-month delay between the asserted discovery of the need for the extension and the filing of the motion seeking the extension).

---

[5] In Plaintiff's Proposed Third Amended Case Management Order, Plaintiff proposes extending the deadlines subsequent to her expert deposition deadline but proposes keeping the February 17, 2025, trial date. However, an examination of the dates in that proposed order makes it clear that Plaintiff's proposal is not realistic. In the proposed order, briefing on summary judgment would not be completed until the Friday before the Monday trial date, leaving the Court no time to rule on dispositive motions prior to trial.

In sum, after considering the relevant factors and the parties' submissions, the Court finds that Plaintiff has not shown good cause under Rule 16(b)(4) or excusable neglect under Rule 6(b)(1)(B). As such, Plaintiff's request to amend the Case Management Order will be denied.

### III. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORERED** that Plaintiff's Motion and Supporting Memorandum to Amend the Scheduling Order and Extend the Deadline for Expert Depositions (ECF No. 47) is **DENIED**.

Dated this 11th day of October, 2024.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE